UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT R. SAXTON                          CIVIL ACTION NO. 06-1274

versus                                    JUDGE STAGG

SAMSTOWN CASINO                           MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Robert Saxton ("Plaintiff") filed this civil action, without representation by an attorney, against Sam's Town Casino. Plaintiff alleges that he was "playing on a machine and turned around & came back and someone push cash out button and got cheap little paper and print out and were able to collect money at pay out window." Plaintiff asserts that the casino should not have cashed the ticket submitted by another person because Plaintiff had his Sam's Town Prime Rewards card in the machine at the time the receipt was printed. Plaintiff is not specific in his demand for relief, but he apparently contends that the casino should pay him the amount represented by the receipt. He also complains that he was treated poorly by casino employees and feels like he was harassed.

Federal courts do not have the authority to hear all disputes. They have limited jurisdiction, and it is the obligation of the person who brings the case to federal court to set forth facts that establish a legitimate basis for the federal court to exercise jurisdiction. "There is a presumption against subject matter jurisdiction that must be rebutted by the party

brining an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). If the person bringing the action does not satisfy his burden of establishing jurisdiction, the federal action must be dismissed; the plaintiff may attempt to refile the case in a state court of proper jurisdiction.

The court, pursuant to its independent duty to ascertain a basis for subject matter jurisdiction, has reviewed the complaint submitted by Plaintiff. There is no colorable claim presented by the complaint that is based on federal law, so there is no basis for jurisdiction under 28 U.S.C. § 1331. The only other potentially applicable basis for federal jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332, which requires that the action be between citizens of different states and that the amount in controversy exceeds $75,000. Plaintiff, who bears the burden of establishing the requisite amount in controversy, has not alleged that the payoff at issue exceeded $75,000 or that the payoff and any other damages claimed in good faith could combine to exceed $75,000. Absent good faith assertions of such facts, the federal court lacks subject matter jurisdiction to hear this complaint.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** due to a lack of subject matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 8th day of August, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE